PHŒBE D. WILSON, Appellant, v. FONES & CONNOR.

**Principal** and **Agent:** WAIVER OF LANDLORD'S LIEN. A purchaser of land subject to a lease, who permitted the former owner to collect the rents, which he paid over to her from time to time, thereby recognized him as her agent, and was bound by an authority given by him to the tenant to sell grain, and such authority operated as a waiver of her lien for rent on the grain so sold.

*Appeal from Tama District Court.*—Hon. G. W. BURN-HAM, Judge.

TUESDAY, OCTOBER, 13, 1896.

ON October 15, 1890, Timothy Brown, the owner of a farm in Tama county, Iowa, leased the same to one Coleman, in writing, for the term of five years from and after March 1, 1891, at the annual cash rent of three hundred and eighty-five dollars. Five notes were executed by Coleman to Brown, for three hundred and eighty-five dollars each, for said rent. Plaintiff purchased the demised premises from Brown on April 27, 1891, and took a deed for the same, and an assignment of said lease and notes. In December, 1893, Coleman sold five hundred dollars worth of corn which was raised upon the leased premises, to defendants. Thereafter plaintiff recovered judgments on said notes for a balance of rent due, only a small part of which was collected. This suit is brought against the defendants to recover the value of the corn purchased by them of the tenant, to the extent of the balance due on said judgments. The defendants contend that the tenant, Coleman, was authorized by Brown, as the agent of plaintiff, to sell the corn which they purchased, and to collect the proceeds. They also plead that plaintiff, by her acts, is estopped from now

making claim against them for the value of the corn.
The cause was tried as in equity, to the court, and a
judgment entered against plaintiff for costs, from
which she appeals.—*Affirmed.*

*Brown & Hurd* and *Caldwell & Walters* for appellant.

*J. W. Willett* for appellees.

KINNE, J.—We shall not attempt to review separately each point argued by counsel, nor shall we
enter into an elaborate discussion of the evidence.
The real points of the contention are as to the agency
of Brown, and what he did by way of authorizing a
sale of the corn. A determination of these matters
will be decisive of the case. Brown contends that he
never authorized a sale of any corn, except sufficient
to pay a note for one hundred dollars at the First
National Bank of Tama; that he did not know that
more corn was to be sold by the tenant, and had no
knowledge that more had been sold until long after
the sale was made. The evidence, we think is abundant that Mr. Brown is mistaken in his recollection of
this matter. The fact that he authorized the tenant
to sell all of the corn, and to pay the one hundred dollar
note and send the balance of the money to him
(Brown) at Marshalltown, we regard as clearly established. The only question as to which there can be
said to be any ground for controversy is as to Brown's
authority to authorize a sale of the corn. It is true
that the plaintiff and Brown testified, in substance,
that Brown had no authority to order the corn sold,
except sufficient to pay the one hundred dollar note.
Plaintiff also testifies, as we understand the record,
that prior to the time the tenant abandoned the farm,
in December, 1895, she had never given Brown but

two of the notes to collect, and that she had never authorized him to act as her agent. If the determination of this question rested alone upon this testimony, we should feel compelled to find that Brown, in what he did in authorizing a sale of all of the corn, acted without authority, and hence plaintiff would not be bound by what he did. But there are many other facts and circumstances which we think fully justified the judgment of the court below. It appears, without dispute, that plaintiff never saw her tenant, and never had any communication with him. He never paid any rent to her. He paid rent at various times to Brown, which the latter says he turned over to plaintiff. Plaintiff does not deny the receipt of rents through Brown. In fact, it is clear from the evidence that the tenant dealt with Brown alone, as representing the plaintiff, at all times; and from the fact that the tenant paid the rent to Brown, and Brown accounted for it to plaintiff, it is manifest that she must have known that Brown was acting, or assuming to act, in her behalf, with the tenant, in the collection of her rents. Having, as we think the evidence shows, received all of the fruits of the labors of Brown, under such circumstances as that she must have known that he was assuming to act as her agent, she ought not now to be permitted to say that he had no authority to act in the premises. We think the facts are such as to justify a finding that plaintiff recognized the agency of Brown, and she should therefore be bound by what he did. His act in authorizing the sale of corn was within the scope of his agency. Having, as we find, authorized the tenant to market the corn and to collect the proceeds, plaintiff has waived her right to insist upon her lien, as against the defendants, the purchasers of the corn. The judgment below is AFFIRMED.